UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIZENS AGAINST DONALD TRUMP INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:25-cv-01826-SRC |
| v. | ) ) | |
| UNITED STATES COAST GUARD, | ) ) | |
| Defendant. | ) | |

**<u>Memorandum and Order</u>**

Plaintiff Citizens Against Trump sought various records under the Freedom of Information Act (FOIA) regarding boat strikes that the United States Coast Guard performed in Caribbean waters.  The Coast Guard moves to dismiss Plaintiff's complaint for improper service and moves for summary judgment.  Plaintiff moves to strike portions of declarations attached to the Coast Guard's motion and seeks attorney's fees and sanctions.  But because Plaintiff's claim and requests for relief are moot, the Court denies as moot the Coast Guard's motion to dismiss, dismisses Plaintiff's complaint, and denies the other motions.

## I.  Background

On November 16, 2025, Plaintiff made various requests to the United States Coast Guards under the Freedom of Information Act.  *See* doc. 1 at ¶¶ 6–7; doc. 1-1 at 1–13 (The Court cites to page numbers as assigned by CM/ECF.).  These requests sought documents, evidence, and intelligence regarding sixteen boat strikes that the Coast Guard committed in the Caribbean.  *See* doc. 1-1.  For one request regarding a September 2, 2025 boat strike, Plaintiff did not receive any notification from the Coast Guard within 20 business days of its request, as FOIA requires, even though the Coast Guard acknowledged Plaintiff's request.  Doc. 1 at ¶¶ 7, 9, 11, 13 (citing 5 U.S.C. § 552(a)(6)(A)(i).  Plaintiff argues that this delayed notice is "in violation of the

requirements of FOIA" and "arbitrary and capricious."  Doc. 1 at ¶¶ 15–16.  Plaintiff also seeks "an injunction against USCG from relying on any FOIA Exemptions in withholding of documents," "[a]n order stating that [the Coast Guard's] actions violate the terms of FOIA," a "finding that [the Coast Guard's] actions are arbitrary and capricious," and "an order directing [the Coast Guard] to pay all costs and attorney's fees associated with the filing of this litigation." *Id.* at 4.

The Coast Guard moved to dismiss the complaint for improper service, doc. 9, and, in its reply brief, for mootness, in that the Coast Guard searched for and could not locate any responsive documents for Plaintiff's FOIA request, doc. 15 at 3.  The Coast Guard attached to its reply a letter responding to Plaintiff's FOIA requests noting the same.  *See* doc. 15-1.  The Court granted Plaintiff leave to respond to this mootness argument, docs. 16, 18, and Plaintiff filed its response, doc. 19.

The Court construes the Coast Guard's reply argument as a factual attack on subject-matter jurisdiction.  The Court takes up the issues of improper service and mootness in turn.

## II.     Improper service

The Coast Guard filed its motion to dismiss on the basis of improper service.  Doc. 10 at 2–5.  It points out that Federal Rule of Civil Procedure 4(i) "governs service of process on an agency . . . of the United States."  *Id.* at 3.  Under Rule 4(i)(2), the Coast Guard argues, a plaintiff serving an agency must "serve the United States and also send a copy of the summons and of the complaint . . . to the agency."  *Id.* (emphasis removed) (citing Fed. R. Civ. P. 4(i)(2)).  To "serve the United States," the plaintiff must "'deliver a copy of the summons and of the complaint' to the United States Attorney for the district where the action is brought and to serve a summons and complaint on the Attorney General of the United States."  *Id.* (citing Fed. R. Civ. P. 4(i)(1)).  In sum, "proper service on a federal agency . . . requires . . . that [a] party . . . obtain

2

and serve three separate summonses, . . . directed to: (1) the United States Attorney for the district in which the case is pending; (2) the Attorney General of the United States; and (3) the agency." *Id.* at 3–4.

Plaintiff obtained summons for the United States Attorney of the Eastern District of Missouri. Doc. 5. But because Plaintiff "failed to serve summonses directed to the Attorney General and the [Coast Guard]," "Plaintiff's service in this case is deficient," the Coast Guard argues. Doc. 10 at 4. Plaintiff responds by disputing the Coast Guard's interpretation of Rule 4, *see* doc. 11 at 2–4, but ultimately requested summonses for, docs. 12, 13, and submitted certified mail receipts for service upon the Coast Guard and the Attorney General, docs. 21, 22. Because Citizens Against Trump appears to have served all three entities that the Coast Guard claims it was required to serve, the Court denies as moot the Coast Guard's motion to dismiss. Doc. 9.

## III.   Mootness

### A.   Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc). "Because of the unique nature of the jurisdictional question, it is the court's duty to decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (cleaned up). "[T]he district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle ex rel. Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

Where, as here, a party brings a factual attack, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (quoting *Osborn*, 918 F.2d at 729 n.6). "[T]he court may receive evidence via 'any rational mode of inquiry,' and the parties may 'request an evidentiary hearing.'" *Buckler*, 919 F.3d at 1044 (quoting *Osborn*, 918 F.2d at 730). "[T]he party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (citing *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007)). For other claims, however, parties ordinarily cannot raise new facts and claims in their "briefs in opposition to a motion to dismiss." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1022 (8th Cir. 2012).

"Questions of mootness are matters of subject-matter jurisdiction." *Davis*, 886 F.3d at 677. This is because "Article III of the Constitution grants the Judicial Branch authority to adjudicate Cases and Controversies." *Id.* at 676 (cleaned up). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* at 677 (cleaned up).

"[T]he court must rule upon the jurisdictional issue unless it is so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." *Buckler*, 919 F.3d at 1044 (cleaned up). "If the jurisdictional issue is 'bound up' with the merits it remains within the district court's discretion to decide whether to evaluate the evidence under the summary judgment standard." *Moss*, 895 F.3d at 1097 (citing *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 203 n.19 (1974)). In sum, the Court may do the following on a factual attack: (1) consider evidence outside the pleadings, such as affidavits or other documents; (2) hold an evidentiary hearing; (3) evaluate the evidence under the summary-judgment standard; or even (4)

4

proceed to a full trial.  *See id.*; *see also Buckler*, 919 F.3d at 1044.  As discussed below, the Court decides this by examining the evidence outside the pleadings.

### B.   Discussion

As discussed, the Coast Guard argues that this case is now moot, because it searched for and could not locate any responsive documents for Plaintiff's relevant FOIA request.  *See* doc. 15 at 3.  The Court granted Plaintiff leave to file a response, docs. 16, 18, which it did, doc. 19.

In its response, Plaintiff first claims the issue of mootness is not properly before the Court, because the Coast Guard raised this argument in reply.  *Id.* at 2–3.  Plaintiff also argues that the Coast Guard's attached FOIA response is still beyond its deadline, and that the case is not moot because Plaintiff seeks "an order that [the Coast Guard] violated the terms of FOIA," "a finding that [its] actions are arbitrary and capricious," and "attorney's fees and costs."  *Id.* at 3.  Plaintiff further claims that had the Coast Guard "timely sent [the letter] within the 20[-]day[-]statutory[-]required period, Plaintiff would have had a right to an administrative appeal" for the "adverse determination."  *Id.*  So Plaintiff "should be entitled to appeal to this Court the veracity of Defendant's Letter and that [the Coast Guard] is withholding documents."  *Id.*

Contrary to Plaintiff's first argument, "any party can raise [mootness] at any time." *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1049 n.3 (8th Cir. 2021).  And the Court sua sponte gave Plaintiff an opportunity to be heard on mootness.  Docs. 16, 18.  The Court therefore examines mootness as to Plaintiff's claim and each request for relief.  *See Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791–92 (8th Cir. 2018) (evaluating mootness as to each claim and separately evaluating mootness as to Plaintiff's request for injunctive relief and money damages).

"To decide whether a particular FOIA claim is moot, a court must look to the nature of the claim."  *Greene v. U.S. Dep't of Just.*, No. 20-cv-1207 (ECT/LIB), 2021 WL 1340066, at *4

(D. Minn. Apr. 9, 2021).  Here, Plaintiff challenges the delay of the Coast Guard's response to its FOIA request.  *See* doc. 1.  Plaintiff's only discussion of FOIA violations involves the Coast Guard's failing to meet FOIA's statutory-response deadline.  *See id.* at ¶¶ 10, 11, 13–15; *see also id.* at 4.

And "[i]f a plaintiff only challenges the timeliness of the agency's response, then the claim becomes moot once the agency provides any response at all."  *Greene*, 2021 WL 1340066, at *4; *see also Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993) (noting that a plaintiff's "claim was rendered moot by the [agency's] response to his [FOIA] request"); *Heide v. LaHood*, 406 F. App'x 83 (8th Cir. 2010) (per curiam) (citing *Voinche* to say that an "agency's response rendered plaintiff's [timeliness] challenge moot").

Here, Plaintiff challenges only the timeliness of the Coast Guard's response to Plaintiff's FOIA request.  *See* doc. 1 at ¶¶ 10, 11, 13– 15; *see also id.* at 4.  The Coast Guard responded to Plaintiff's request.  Doc. 15-1.  Therefore, "the issues presented" by Plaintiff's complaint are no longer live, and the "parties lack a legally cognizable interest in the outcome."  *Davis*, 886 F.3d at 677.  The Court accordingly dismisses this claim as moot.

In its first two requests for relief, Plaintiff asks for "[a]n order directing [the Coast Guard] to release all records requested in Plaintiff's FOIA [r]equest" and "[a]n injunction against [the Coast Guard] from relying on any FOIA Exemptions in withholding . . . documents."  Doc. 1 at 4.  The Court has "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant, 5 U.S.C. § 552(a)(4)(B), and if Plaintiff challenged the adequacy of the Coast Guard's response, this case would not be moot, *see Urban v. United States*, 72 F.3d 94, 95 (8th Cir. 1995).

But the Court does not construe these requests for relief as challenging the adequacy of the Coast Guard's response.  *Contra Greene*, 2021 WL 1340066, at *5.  By the time Plaintiff

filed its complaint, no response existed to challenge, so Plaintiff *could not* have challenged such response's adequacy.  So because Plaintiff's suit "challenges only the timeliness of [the Coast Guard's] response, the issue whether [the response] was adequate is not apposite."  *Voinche*, 999 F.2d at 963.  Instead, the Court construes these requests for relief alongside Plaintiff's timeliness claim:  taken together, Plaintiff is challenging the timeliness of the Coast Guard's response and seeks responsive documents for its request.  Because the Coast Guard responded to its request (whether such response is adequate), Plaintiff's first two claims for relief are moot.

Plaintiff then asks for "an order stating that [the Coast Guard] violated the terms of FOIA," and a "finding that [the Coast Guard's] actions are arbitrary and capricious."  Doc. 1 at 4.  The Court construes these as requests for declaratory relief.  *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration.").  These requests are moot as well.

Declaratory judgments require an underlying "case of actual controversy."  *Id.*  To "determine[e] whether a request for declaratory relief had become moot," courts therefore ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (quoting *Md. Cas. Co. v. Pac. Co.*, 312 U.S. 270, 273 (1941)); *see also McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1166 (8th Cir. 2017).  And even if Plaintiff makes such a showing, the Court may exercise its discretion not to entertain such a claim.  *See Pub. Affs. Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

Here, Plaintiff's timeliness claim against the Coast Guard is moot.  So "having dismissed Plaintiff's . . . claim[], the Court finds no immediacy that warrants declaratory relief."  *Citizens*

7

*Against Donald Trump Inc. v. Trump*, No. 4:25-cv-00311-SRC, 2026 WL 171774, at \*7 (E.D. Mo. Jan. 22, 2026).  The Court therefore denies as moot Plaintiff's request for declaratory relief. *See Preiser*, 422 U.S. at 402; *see also McLeod*, 856 F.3d at 1166.

## IV.     Motions for summary judgment and to strike

After filing its motion to dismiss, doc. 9, the Coast Guard also filed an answer, doc. 23, and its Motion for Summary Judgment, doc. 24.  Plaintiff then moved to strike portions of the declarations attached to the Coast Guard's Motion for Summary Judgment.  *See* doc. 31. Because the Court dismisses Plaintiff's claim, the Court denies these motions as moot.  *See* docs. 24, 31.

## V.     Motion for attorney's fees and sanctions

Plaintiff also moves for attorney's fees and sanctions.  *See* doc. 35; *see also* doc. 1 at 4 (plaintiff seeking "an order directing [the Coast Guard] to pay all costs and attorney's fees associated with the filing of this litigation").  FOIA allows attorney's fees "in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).  Per the statute, a Plaintiff substantially prevails if he "has obtained relief" through either a judicial order or a defendant's change in position, if the plaintiff's claim is not insubstantial.  5 U.S.C. § 552(a)(4)(E)(ii).

To show that it is eligible for an award of attorneys' fees, Plaintiff must prove "that prosecution of the action could reasonably be regarded as necessary to obtain the information, and . . . that the existence of the lawsuit had a causative effect on the release of the information." *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985) (citing *Ginter v. Internal Revenue Serv.*, 648 F.2d 469, 471 (8th Cir. 1981)).  Regarding the second element, Plaintiff would have to show that "the institution and prosecution of the litigation caused the agency to

release the documents obtained." *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 97 (D.C. Cir. 2020) (cleaned up).

Plaintiff argues that "there was a voluntary or unilateral change in position by [the Coast Guard] and Plaintiff's claim is not insubstantial." Doc. 35 at 5. The change in position, Plaintiff argues, is the Coast Guard's response—after Plaintiff filed the lawsuit—to Plaintiff's FOIA request saying that no responsive documents exist, *see* doc. 15-1. Doc. 35 at 6–7. Plaintiff claims that "[e]ven though [the Coast Guard] has responded that [it has] no documents, this is significant relief as the American people can believe or disbelieve [the Coast Guard's] position that [it has] no documents in relation to these significant events of our military in the boat strikes, killing people by bombing them without due process of law." *Id.* at 7; *see also* doc. 36 at 6 ("Although Plaintiff did not receive the release of information, it did receive just as valuable information in that [the Coast Guard] allegedly did not have any documents regarding the boat strikes that occurred in the ocean waters that [the Coast Guard] is responsible for overseeing.").

And Plaintiff states that its claim "is not insubstantial" because the Coast Guard apparently marked Plaintiff's request as "significant." Doc. 35 at 7 (quoting doc. 24-3 at ¶ 1). Therefore, Plaintiff argues that, "[b]y a preponderance of the evidence," *id.* at 8, and by "clear and convincing evidence," doc. 36 at 2–3, "Plaintiff's FOIA lawsuit triggered a response by [the Coast Guard] to Plaintiff's FOIA Request Letter dated November 15, 2025," doc. 35 at 8.

Plaintiff next argues that the Coast Guard "[n]eedless[ly] [i]ncrease[d]" the "[c]ost of [l]itigation" by filing a motion for summary judgment. *Id.*; *see also* doc. 36 at 4–5. Plaintiff claims that the Coast Guard "could have filed a [m]otion for [j]udgment on the [p]leadings . . . , but . . . chose to file a [m]otion for [s]ummary [j]udgment . . . , which is a time-consuming motion to respond to and was a needless increase in this litigation." Doc. 35 at 9; *see also* doc. 36 at 4–5. Plaintiff cites the Court's analysis in an order in *Missouri Primate Foundation v.*

9

*People for Ethical Treatment of Animals, Inc.* that awarded attorneys' fees, in part, because of counsel's "conduct or lack thereof."  Doc. 36 at 4 (citing *Mo. Primate Found. v. People for Ethical Treatment of Animals, Inc.*, 4:16-cv-02163-SRC, 2025 WL 2970132, at *3 (E.D. Mo. Oct. 21, 2025)).  Plaintiff claims that by filing a time-consuming motion and not communicating with Plaintiff or "giv[ing] Plaintiff notice responsive to Plaintiff's FOIA Request Letter," Plaintiff should receive an award of attorney's fees.  Doc. 36 at 4–5.

The Coast Guard also allegedly failed to enter into any settlement negotiations with Plaintiff and its alleged violation of FOIA gave it "unclean hands."  Doc. 35 at 9–10.  And Plaintiff avers that the Coast Guard's "conduct abuse[d] the judicial process."  *Id.* at 10; *see also* doc. 36 at 5.  Plaintiff therefore invokes Rule 11 and the Court's inherent powers and claims that the Court should sanction the Coast Guard.  Doc. 36 at 5–6.

The Coast Guard argues that Plaintiff "abandoned its right to attorney's fees and litigation costs because it failed to defend this claim in response to the [Coast Guard's] [M]otion for [S]ummary [J]udgment."  Doc. 37 at 5; *see* doc. 26 at 10–13 (discussing Plaintiff's request for attorney's fees).  Abandoned or not, the Court declines to award Plaintiff attorney's fees and costs, either under FOIA or the Court's inherent sanctions authority.

Regarding FOIA, the Court agrees with Plaintiff that "[t]o show that it is eligible for an award of attorneys' fees, Plaintiff must prove 'that prosecution of the action could reasonably be regarded as necessary to obtain the information, and that the existence of the lawsuit had a causative effect on the release of the information.'"  Doc. 36 at 4 (citing *Miller*, 779 F.2d at 1389).  The Court also agrees with Plaintiff that it "did not receive the release of information," *id.*, only a response that no responsive information exists, *see* doc. 15 at 3; doc. 15-1.  While Plaintiff argues that it "receive[d] just as valuable information," it provides no authority establishing that a notice of no responsive documents is "just as valuable" as the information

10

originally sought in the request. *See Miller*, 779 F.2d at 1389. Because Plaintiff has not "obtained relief," the Court denies its request for attorney's fees under FOIA. *See* 5 U.S.C. § 552(a)(4)(E)(ii); *see also Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 48 (D.D.C. 2012) ("[T]he fact that the plaintiffs received no documents, despite the fact that the defendant processed their request, militates against a conclusion that the plaintiffs substantially prevailed."); *Walsh v. Dep't of Navy*, No. 4:23-cv-04164-ECS, 2025 WL 1676580, at *4 (D.S.D. June 13, 2025), *aff'd*, No. 25-2339, 2026 WL 193921 (8th Cir. Jan. 26, 2026) (denying a FOIA plaintiff's motion for fees because he "has clearly not 'substantially prevailed' . . . [when] Defendants have performed reasonable searches that have not uncovered records responsive to [the plaintiff's] FOIA requests").

Plaintiff also provides no basis for the Court to sanction the Coast Guard under either Rule 11 or its inherent authority. "[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (citation omitted). Whereas the Court's "inherent powers include the ability to supervise and discipline attorneys who appear before it and discretion to fashion an appropriate sanction for conduct which abuses the judicial process, including assessing attorney fees or dismissing the case." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (cleaned up).

Plaintiff cites no authority establishing that the Coast Guard should be sanctioned for filing a (possibly early) motion for summary judgment or for failing to keep Plaintiff apprised of its search for responsive documents prior to its January 20, 2026 notice. Parties may move for summary judgment "at any time until 30 days after the close of all discovery," unless the Court orders otherwise. *See* Fed. R. Civ. P. 56(b). While Plaintiff cites *Missouri Primate Foundation*,

11

that case involved materially different circumstances than those present here. *See* 2025 WL 2970132. The Court therefore denies Plaintiff's motion. Doc. 35.

## VI.    Conclusion

Accordingly, the Court denies as moot the Coast Guard's [9] Motion to Dismiss for Improper Service, but dismisses as moot Plaintiff's [1] complaint. The Court also denies as moot the Coast Guard's [24] Motion for Summary Judgment and Plaintiff's [31] motion to strike. The Court finally denies Plaintiff's [35] motion for attorney's fees and sanctions. An order of dismissal accompanies this Memorandum and Order.

So ordered this 4th day of August 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE